UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| JOSE MANUEL EGUREN ZARAGOZA,<br><br>Petitioner,<br>v.<br><br>JAMES JANECKA, et al.,<br><br>Respondents. | No. 5:26-cv-06871-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**INTRODUCTION**

On November 13, 2026, Jose Manuel Eguren Zaragoza ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing detention by immigration authorities and seeking, among other things, immediate release or in the alternative, a bond hearing. Dkt. 1 ("Petition" or "Pet."). Petitioner also filed an Ex Parte Application for Temporary Restraining Order as to immediate medical care and release Dkt. 3 ("TRO Request"). Respondents filed a combined Answer and Opposition to the TRO Request on November 17, 2026. Dkt. 10 ("Ans.").

On November 17, 2026, the Court granted in part and denied in part the TRO Request, with Respondents ordered to:

> immediately (1) arrange to have Petitioner evaluated by a licensed physician for stroke warning signs and the effects of interrupted diabetes and blood-pressure medication, and to transport him to a hospital emergency department if medically indicated; and (2) to provide Petitioner all of his prescribed medications (metformin, dapagliflozin, and losartan) according to his prescribed dosage regimen.

Dkt. 12 ("Order"). In accordance with the Order, on November 19, 2026, Respondents filed a Notice of Compliance, notifying the Court that Petitioner was transported to Victor Valley Global Medical Center on November 17, 2026, and thereafter, admitted to the hospital on November 18, 2026. Dkt. 13. As of November 19, 2026, Petitioner remained hospitalized. Id. Petitioner did not file an optional Reply within the time permitted. See Dkt. 7 at 2, ¶ 4.

For the reasons discussed below, the Petition is granted in part and denied in part.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico, who entered the United States without inspection in 1993. Pet. ¶¶ 10, 18. In January 1998, Petitioner was convicted of vandalism; in June 2008, Petitioner was convicted of driving under the influence of alcohol ("DUI"); in March 2025, Petitioner was convicted of another DUI; and in July 2026, Petitioner pled no contest to a third DUI, with an admitted prior DUI conviction and a blood-alcohol allegation of .15% or more. Pet. ¶ 21; Ans., Attachment 1 ("Form I-213") at 3.

In 2017, Immigration and Customs Enforcement ("ICE") encountered Petitioner at San Luis Obispo County Jail and initiated removal proceedings.

Form I-213 at 3. In 2022, an immigration judge terminated those proceedings without prejudice due to Petitioner "not being a priority at the time." Pet. ¶ 22; Form I-213 at 3. While Petitioner claims he was detained during those proceedings (Pet. ¶ 22), Respondents indicate he was not previously detained. Ans. at 2. It is undisputed Petitioner was not subject to any reporting requirements. Pet. ¶ 22.

On October 1, 2026, Petitioner was arrested by the San Luis Obispo County Sheriff's Office for a fourth DUI. Form I-213 at 3. On November 8, 2026, ICE officers arrested Petitioner in front of the lobby at the San Luis Obispo County Jail. Pet. ¶ 24; Form I-213 at 3. It is unclear whether the prior removal proceedings were reopened, but the Form I-213 reflects Petitioner was served with an administrative warrant for arrest and Notice to Appear. Form I-213 at 3-4. Petitioner is detained pending removal proceedings, and Respondents acknowledge Petitioner is entitled to an initial bond hearing upon request. Ans. at 2; Form I-213 at 4.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Petitioner claims he has been

subjected to detention without statutory authority, arguing that his prior removal proceedings were terminated and have not been reopened, and he has not been issued a Notice to Appear. Pet. ¶ 49. He adds that even if removal proceedings have been initiated, his detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2), and by treating him as subject to mandatory detention and denying him an individualized custody determination, Respondents are holding him in violation of the laws of the United States. Id. ¶ 50. The Form I-213 reflects removal proceedings have been initiated. Form I-213 at 4. Further, Respondents acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing before an immigration judge, upon request. Ans. at 2. To the extent Respondents argue that Petitioner must first request a bond hearing administratively to "exhaust" his remedies, the Court finds that, in this instance, such "exhaustion" puts form over substance and would unnecessarily delay a remedy that Respondents concede is currently available to Petitioner upon request, and as such, should not be required. Thus, Petitioner is entitled to a bond redetermination hearing, but for the reasons discussed below, Petitioner is not entitled to further relief.

Petitioner further contends that re-detaining him without notice, without any paperwork, without charging him, without any finding that he poses a danger or flight risk, and without any hearing at which the government bore the burden of justifying his confinement violates his procedural due process rights. Pet. ¶ 53. The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted).

The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335. This is a "flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022).

Petitioner contends he has a "weighty liberty interest in freedom from physical confinement" as ICE previously detained and released him and he has lived in the community for years after his removal proceedings were terminated. Pet. ¶ 52. At the same time, Respondents dispute that Petitioner was previously detained, and Petitioner does not claim he was lawfully in the United States or had been granted any parole or other formal release on conditions by the Department of Homeland Security at the time of his arrest. He was detained by ICE upon his release from the San Luis Obispo County Jail, after being arrested on a fourth DUI.

Even assuming a liberty interest exists, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz, 53 F.4th at 1208), though the government's interest in detaining Petitioner under the circumstances here without a hearing is low (see Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.")). Petitioner has not shown that a post-detention bond hearing at which he would be afforded an opportunity to challenge his detention, may be represented by counsel, may present evidence and argument for release on bond, and may appeal any adverse determination

to the Board of Immigration Appeals is inadequate to safeguard his assumed liberty interest.

Weighing the Mathews factors, Petitioner, who was not on parole or supervision at the time of his detention, has not shown that being provided a post-detention bond hearing violates the due process clause such that immediate release is warranted.

Finally, Petitioner has not shown release on the basis of his medical conditions may be properly pursued by means of a petition for writ of habeas corpus beyond the relief already provided. Petitioner contends that Respondents have withheld treatment for his serious chronic medical conditions. As noted, on November 17, 2026, the Court ordered Respondents to provide Petitioner immediate medical care. Respondents filed a Notice of Compliance, advising that Petitioner was transported for medical care the same day and remained hospitalized as of November 19, 2026. Petitioner has provided no further information. He did not file an optional Reply and identifies no ongoing medical issues that are not being addressed. As such, he is not entitled to immediate release based on the alleged lack of medical care.

## IV.
## ORDER

IT IS ORDERED that Judgment shall be entered:

(1) granting the Petition, in part, ORDERING Respondents to:

(a) provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **Petitioner Jose Manuel Eguren Zaragoza (A# 075-507-692)** within seven (7) days of this Order, with instructions that the immigration judge must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision; or

(b) release Petitioner from custody subject only to narrowly tailored conditions of release, if any, no more restrictive than necessary to reasonably assure his appearance as required and to protect the community, if he is not timely provided with the aforementioned bond hearing; and

(3) denying the Petition as to all other requests for relief with prejudice.

Dated: November 23, 2026__

JOHN D. EARLY
United States Magistrate Judge